UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES F. LAPINSKI; and PATRICIA
LAPINSKI,

    Plaintiffs,

v.      Case No. 6:17-cv-1280-Orl-37GJK

ANDREW LEECH; PAMELA
DECORAH; SANDRA C. UPCHURCH;
CENTERSTATE BANK OF FLORIDA,
N.A.; STEVE MESSINGER; JESSICA
GALLO; KATHLEEN WEAVER;
ZACKARY GLASER; COUNTY OF
FLAGLER, FLORIDA; CAPTAIN
ALLEN; RICK STALEY; DAVID W.
ADAMS; AARON THOMAS, and
REBECCA THOMAS,

    Defendants.

## ORDER

Plaintiffs, proceeding *pro se*, filed this action on July 12, 2017. (Doc. 1.) The following day, they filed an amended complaint (Doc. 2 ("**Complaint**")), accompanied by a "Motion for Immediate Injunction to Stop Real Estate Closings to Transfer Titles from Lapinskis" (Doc. 3 ("**Motion**")). Though difficult to parse, the Complaint and Motion request that the Court strike the sale of two properties, stop the attendant closings, and return title to Plaintiffs. (*See* Doc. 2, p. 1; *see also* Doc. 3.) Upon consideration, the Court finds that the Motion is due to be denied and the case is due to be dismissed.

First, Plaintiffs have failed to comport with any of the requirements listed in Local

Rule 4.05 or Federal Rule of Civil Procedure 65 for requesting ex parte injunctive relief. Second, upon examination of the Complaint, the Court is without sufficient information to determine whether it has subject matter jurisdiction.

Importantly, the Complaint discusses a sheriff's sale that occurred on July 11, 2017, and Plaintiffs' efforts to tender cashier checks to cover "Judgments rendered in Volusia County" on both the afternoon prior to, and the morning of, the sale. (*See* Doc. 2, pp. 2, 6, 8.) According to Plaintiffs, despite their tender, officials illegally refused to halt the sale. (*See id.* at 2–4.) Additionally, both the Complaint and the Motion argue that the sheriff's sale—during which two properties were sold—should have occurred as two separate sales. (*See* Doc. 2, p. 2; *see also* Doc. 3.) The Complaint also lodges allegations of corruption against two state judges, whom Plaintiffs assert fixed and refused to overturn the sheriff's sale. (*See* Doc. 2, p. 5.)

Based on these allegations, it appears that Plaintiffs are attempting to challenge a state foreclosure judgment. But under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction to review the final judgments of state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine further bars jurisdiction over a federal claim inextricably intertwined with a state court final judgment, such that the federal claim could "succeed[] only to the extent that the state court wrongly decided the issues before it." *Siegel*, 234 F.3d at 1172 (citation omitted).

As Plaintiffs' Motion asks this Court to set aside a foreclosure sale arising from a

state judgment,[1] it directly implicates the *Rooker-Feldman* doctrine. So the Court does not have the authority to review that judgment or to interfere with the foreclosure sale.

To the extent the Complaint attempts to assert other claims under the Court's federal question jurisdiction,[2] it fails to assert any plausible facts to support these claims. Hence the Court finds that this case is due to be dismissed for lack of subject matter jurisdiction.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion for <u>Immediate</u> Injunction to Stop Real Estate Closings to Transfer Titles from Lapinskis (Doc. 3) is **DENIED**.

2. The Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**. If Plaintiffs choose to replead, they must properly allege a cognizable cause of action within the Court's jurisdiction.[3]

3. The Clerk is **DIRECTED** to **CLOSE** this case.

---

[1] Attached to the Complaint are three writs of execution issued by the Circuit Court of the Seventh Judicial Circuit in and for Volusia County. (Docs. 2-4, 2-5, 2-6 ("**Writs**").) The Writs direct the sheriffs to levy on the properties at issue (Docs. 2-4, 2-5, 2-6), and at least one Writ references a money judgment (Doc. 2-6). *See also Levy*, BLACK'S LAW DICTIONARY (9th ed. 2009) (defining levy as the legally sanctioned seizure and sale of property in execution of a judgment).

[2] The Complaint appears to assert federal claims based on violations of the: (1) the Fair Housing Act; (2) Fair Debt Collection Practices Act; (3) the Racketeer Influenced and Corrupt Organizations Act; and (4) "U.S. Code 430 Banks and Banking." (Doc. 2, p. 6.)

[3] In the interim, the Court encourages Plaintiffs to take advantage of the in-person legal information program ("**Clinic**") available to *pro se* plaintiffs. This free Clinic occurs every Tuesday between 11:00 a.m. and 12:30 p.m. at the George C. Young U.S. Courthouse, 401 W. Central Blvd., Orlando, Florida 32801. Additional information is included in the electronic brochure available at https://www.flmd.uscourts.gov/pro_se/docs/Brochure_Orlando_Division.pdf.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 14, 2017.



Copies to:
Counsel of Record