UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES F. LAPINKSI; and PATRICIA LAPINKSI,

    Plaintiffs,

v.       Case No. 6:17-cv-1280-Orl-37GJK

ANDREW LEECH; PAMELA DECORAH; SANDRA C. UPCHURCH; CENTERSTATE BANK OF FLORIDA, N.A.; STEVE MESSINGER; JESSICA GALLO; KATHLEEN WEAVER; ZACKARY GLASER; COUNTY OF FLAGLER, FLORIDA; CAPTAIN ALLEN; RICK STALEY; DAVID W. ADAMS; AARON THOMAS; and REBECCA THOMAS,

    Defendants.

**ORDER**

In this action, Plaintiffs seek relief from a sheriff's sale in which two of their formerly-owned properties were sold. (Docs. 1, 2, 8.) Among other perceived wrongs, Plaintiffs: (1) attack the propriety of the sheriff's sale; (2) fault officials for refusing to halt or delay the sale once Plaintiffs tendered money to retain the properties at the eleventh hour; and (3) accuse multiple state judges of fixing the sale and refusing to correct errors therein. (*See* Doc. 8.) On June 14, 2017, the Court dismissed Plaintiffs' initial complaint for lack of subject matter jurisdiction, citing the *Rooker-Feldman* doctrine, which bars federal jurisdiction over claims: (1) in which a federal court is asked to review a state court final

judgment; and (2) inextricably intertwined with state court final judgments, such that a federal court would have to adjudge whether the state court wrongly decided the issues before it. (*Id.* at 3–4 (citing various cases).)

Plaintiffs submitted an amended complaint on July 18, 2017 (Doc. 8), but this pleading fares no better. Indeed, the errors that Plaintiffs attempt to attack remain inextricably intertwined with state court foreclosure judgments and the attendant writs of execution. The operative Complaint attempts to disclaim the application of the *Rooker-Feldman* doctrine on the ground that: (1) Florida's Fifth District Court of Appeals "has never stated any legal reasoning nor cases re: [Plaintiffs'] appeals" in the last ten years; and (2) the Supreme Court of Florida refuses to judge an appeal without DCA cases to deny. (*Id.* at 3.) Plaintiffs also argue that this action should be a criminal case of civil theft, fraud, corruption, collusion and racketeering. (*Id.*) Yet they have not cited any authority that would give this Court jurisdiction even if their allegations are true.

As a final matter, the Court has gone to great lengths to try make sense of the Complaint. Despite Plaintiffs attempts to plead federal causes of actions, they have failed to state ultimate facts demonstrating a viable cause of action. The Court formerly advised Plaintiffs of the free legal clinic available to *pro se* litigants, but it is clear that they have not taken advantage of this resource.

Accordingly, Plaintiff's "Refiled Amended Complaint[] Per Order" (Doc. 8) is **DISMISSED WITHOUT PREJUDICE**, once again, for lack of jurisdiction. The Court will allow Plaintiffs one final opportunity to amend their Complaint if they so choose. Plaintiffs are forewarned that a subsequent attempt to attack state court judgments, or

matters inextricably intertwined with those judgments, will result in dismissal without leave to amend.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 19, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record